IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARLENE MARIE BONAPARTE DULANEY ) | |
| ) | |
| v. ) | No. 3:19-cv-0561 |
| ) | |
| ANDREW M. SAUL ) | |
|     Commissioner of Social Security ) | |

**To: The Honorable Eli J. Richardson, District Judge**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff filed a complaint on July 2, 2019 seeking judicial review of the Commissioner's denial of her application for social security benefits. (*See* Docket Entry 1). After Plaintiff failed to effectuate service of process, the Court entered an order that explained in detail the action she needed to take to serve all defendants. (*See* Docket Entry 5). Plaintiff failed to comply with this order, however, at which point the Court entered another order advising Plaintiff that failure to complete service of process by November 15, 2019 would result in a recommendation of dismissal of the complaint. (*See* Docket Entry 7). Plaintiff responded to this order by completing service of process on all defendants, which prompted the Commissioner to file an answer to the complaint and a copy of the administrative record. (*See* Docket Entry 20, 21).

On December 4, 2019, the Court entered an order requiring Plaintiff to file a motion for judgment on the administrative record and accompanying brief within 28 days of entry of the order. (*See* Docket Entry 22). Plaintiff filed a motion requesting that this deadline be extended to February 28, 2020 (*see* Docket Entry 24), which was granted. (*See* Docket Entry 25). However, Plaintiff failed to file her motion and accompanying brief by the extended deadline.

In light of Plaintiff's failure to act, the Court entered a show cause order on May 12, 2020 requiring Plaintiff to, by June 12, 2020, file her motion for judgment on the administrative record or otherwise show cause as to why her action should not be dismissed for failure to comply with the Court's orders. (*See* Docket Entry 26). The order warned Plaintiff that if she did not file her motion for judgment on the administrative record or otherwise show cause by June 12, 2020, recommendation would be made for dismissal of her case for failure to prosecute in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Nevertheless, Plaintiff has still not filed a motion for judgment on the administrative record, nor has she filed a response showing cause as to why her action should not be dismissed.

Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), which includes the authority to dismiss an action based on a plaintiff's "fail[ure] to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). The Court is given "substantial discretion" to dismiss an action under Rule 41(b) upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).[1]

The Court has given Plaintiff ample time to prosecute this case. She has been aware of her obligation to file a motion for judgment on the administrative record since December 4, 2019 and was given an extension of time to do so. She was notified of her obligation to file a response to the show cause order on May 12, 2020 but has not done so. Plaintiff has made no filing in this case since December 27, 2019 despite having been given repeated opportunities and has therefore failed to prosecute this case.

---

[1] Dismissals pursuant to Rule 41(b) may be accomplished by the Court in the absence of a motion by the defendant. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's action be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any responses to objections must be filed with fourteen (14) days of service of the objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge